[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Lu*, Slip Opinion No. 2023-Ohio-3684.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-3684

IN RE APPLICATION OF LU.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re Application of Lu*, Slip Opinion No. 2023-Ohio-3684.]

*Attorneys—Character and fitness—Application for admission to the practice of law—Applicant failed to establish present character, fitness, and moral qualifications by clear and convincing evidence—Application disapproved and applicant permitted to reapply for admission at a later date.*

(No. 2023-0390—Submitted June 27, 2023—Decided October 12, 2023.)

ON REPORT by the Board of Commissioners on Character and Fitness of the Supreme Court, No. 849.

_____

**Per Curiam.**

{¶ 1} Applicant, Peter Boya Lu, of Kennewick, Washington, is a 2018 graduate of Columbia Law School. Lu passed the New York bar exam, and in August 2019, he was admitted to practice law in Washington by transferring his Uniform Bar Examination ("UBE") score. In November 2021, he applied for

admission to the practice of law in Ohio by transferred UBE score, *see* Gov.Bar R. I(11), and received a certificate to practice law in Ohio pending admission, *see* Gov.Bar R. I(19).

{¶ 2} Two members of the Akron Bar Association Admissions Committee interviewed Lu in August 2022, and the committee issued a final report recommending approval of Lu's character, fitness, and moral qualifications for admission to the practice of law. The Board of Commissioners on Character and Fitness, however, invoked its authority, sua sponte, to investigate Lu's character, fitness, and moral qualifications. *See* Gov.Bar R. I(12)(B)(2)(e). The board recommends that we disapprove Lu's application and permit him to reapply for admission no earlier than January 2024. For the following reasons, we adopt the board's recommendation.

**Facts**

{¶ 3} In his application for admission to the practice of law in Ohio, Lu disclosed that he had worked as a deputy prosecuting attorney at the Benton County Prosecutor's Office in Kennewick, Washington, from August 2019 until February 2021. When completing the character and fitness questionnaire as part of the investigation performed by the National Conference of Bar Examiners ("NCBE"), Benton County Prosecutor Andy Miller reported that Lu had left the prosecutor's office for a different job, that he would not rehire Lu, and that he either did not know or had no opinion on whether Lu possesses the character and fitness necessary for the practice of law. Miller stated that he had explained to Lu that he would not rehire Lu for that position or recommend Lu for a similar position but that he would be a reference for Lu for a different job. Miller additionally provided, "I gave a favorable recommendation to the Washington State Attorney General's Office and he [Lu] was hired. While Mr. Lu was employed there I became aware of a situation in the State of Oregon which may have resulted in a criminal investigation."

{¶ **4**} In his application, Lu also disclosed that he had been employed by the Nassau County District Attorney's Office in New York from September 2018 until June 2019. When completing the NCBE character and fitness questionnaire, that office's representative indicated not knowing or having no opinion on whether the office would rehire Lu or whether Lu possesses the character and fitness necessary for the practice of law.

{¶ **5**} Lu's application further indicated that he had unsuccessfully sought admission to the Utah bar based on his disclosure that his employment with the Salt Lake City Attorney's Office in September and October 2021 was "no longer practical given [his] ineligibility to obtain practice pending admission under Utah bar rules." Lu provided no further information or explanation regarding this statement made in his application.

{¶ **6**} Citing the alleged investigation in Oregon and circumstances regarding Lu's resignation from the Benton County Prosecutor's Office, the board sua sponte opened an investigation into Lu's character, fitness, and moral qualifications for admission to the practice of law. The board sought to schedule an in-person hearing before a three-member panel regarding Lu's application. The panel reported that Lu had indicated that he was unwilling to travel to Ohio, that Lu had refused to provide his available dates for a hearing, and that Lu had asked why an "interview" had to be conducted in person. The panel explained to Lu that it was not requesting his presence for an interview but for a hearing at which testimony and evidence would be presented. Lu never responded again to the panel despite subsequent requests from the panel for a response.

{¶ **7**} A hearing was scheduled before the panel for January 24, 2023, and Lu was provided notice of the hearing. Lu, however, did not appear at the scheduled hearing. Counsel for the Akron Bar Association appeared and indicated that the association no longer recommended approval of Lu's character, fitness, and moral qualifications for admission to the practice of law; instead, counsel stated that the

association recommended a disapproval of Lu's application. In its report and recommendation issued February 3, 2023, the panel noted that Lu had not contacted the panel, the Akron Bar Association, or the Supreme Court of Ohio Bar Admissions Office since October 24, 2022.

## The Board's Recommendation

{¶ 8} Based on the Akron Bar Association's recommendation, the lack of information regarding Lu's employment history and his purported "ineligibility" to practice law pending admission to the Utah bar, and Lu's "outright refusal to cooperate in the [board's] consideration of his application," the board recommends that we disapprove Lu's application for admission to the practice of law in Ohio and permit him to reapply for admission no earlier than January 2024.

## Disposition

{¶ 9} An applicant for admission to the Ohio bar bears the burden "to prove by clear and convincing evidence that the applicant possesses the requisite character, fitness, and moral qualifications for admission to the practice of law." Gov.Bar R. I(13)(D)(1). An applicant may be approved for admission if the applicant satisfies the essential eligibility requirements for the practice of law as defined by the board and demonstrates that "the applicant's record of conduct justifies the trust of clients, adversaries, courts, and others." Gov.Bar R. I(13)(D)(3). "A record manifesting a significant deficiency in the honesty, trustworthiness, diligence, or reliability of an applicant may constitute a basis for disapproval," *id.*, as may an applicant's failure to cooperate in proceedings before the board, Gov.Bar R. I(14)(C)(6). In determining whether an applicant's present character, fitness, and moral qualifications qualify the applicant for admission to the practice of law in Ohio, the rules require consideration of a number of factors in assigning weight and significance to the applicant's prior conduct, including the age of the applicant at the time of the conduct, the recency of the conduct, the reliability of the information concerning the conduct, the seriousness of the

conduct, the cumulative effect of the conduct, the candor of the applicant in the admissions process, and the materiality of any omissions or misrepresentations. *See* Gov.Bar R. I(13)(D)(4)(a), (b), (c), (d), (f), (i), and (j).

{¶ 10} In this case, Lu's application for admission to the practice of law in Ohio raises legitimate questions regarding his employment history and his purported ineligibility to practice law in another jurisdiction. Whether the answers to these questions provide a basis for disapproval of Lu's application remains undetermined because he has failed to cooperate with the proceedings before the board. This evasiveness in and of itself constitutes a basis for disapproval of Lu's application. *See* Gov.Bar R. I(13)(D)(3). Based on the facts described above, we agree with the board's finding that Lu has failed to carry his burden of proving by clear and convincing evidence that he currently possesses the requisite character, fitness, and moral qualifications to practice law in Ohio.

{¶ 11} We therefore disapprove Lu's pending application for admission to the practice of law in Ohio but permit him to reapply for admission in January 2024.

Judgment accordingly.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Peter Boya Lu, pro se.

Creveling & Creveling, L.L.C., and Michael A. Creveling, for the Akron Bar Association.

————————————